IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KEVIN LINK,                                    )
                                               )
        Plaintiff,                             )
                                               )
vs.                                            )    Case No. 25-CV-1802-DWD
                                               )
CITY OF GRANITE CITY,                          )
                                               )
        Defendant.                             )

<u>MEMORANDUM & ORDER</u>

**DUGAN, District Judge:**

Plaintiff Kevin Link has sued Defendant the City of Granite City (the "City")
seeking damages under 42 USC § 1983 in relation to the City citing Plaintiff for alleged
city ordinance violations on parcels of property he no longer owned. The City has filed a
Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 7).  Plaintiff
has not responded to the Motion. For the reasons that follow, the City's Motion to Dismiss
is **GRANTED**.

## I.    Background

Plaintiff makes the following allegations in his Complaint. (Doc. 1-1). Plaintiff
formerly operated rental property in the City. In recent years, the City has enacted new
regulations "with an eye toward ending small home rental business" in the City. (Doc. 1-
1, ¶ 3). Believing he was "no longer welcome to do business," Plaintiff sold all of his rental
property. (Doc. 1-1, ¶ 4). Thereafter, the City cited Plaintiff "on over a dozen counts,
concerning over a dozen parcels of property" for failure to comply with city ordinances.
(Doc. 1-1 ¶ 5). Plaintiff, however, no longer owned any of the cited properties. (Doc. 1-1

¶ ¶ 4-6). Public records with the recorder of deeds reflected that he did not own the properties and that some had been sold years prior to issuance of "the citation." (Doc. 1-1 ¶ 6). The City blamed Plaintiff, alleging he failed to "deregister" the properties. (Doc. 1-1 ¶ 7). But there is no process for or requirement that properties be "deregistered." (Doc. 1-1 ¶ 7). The City is subject to liability under § 1983 because it "maintains a policy and practice of failing to check public property ownership records prior to charging persons, like Plaintiff, with violations, and prosecuting same, with no actual evidence of any such violation by that person." (Doc. 1-1 ¶ ¶ 8-10).

## II.    Legal Standard

A motion  to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). To survive dismissal, a complaint must "state a claim to relief that is plausible on its face." *Bancorpsouth, Inc. v. Fed. Ins. Co.*, 873 F.3d 582, 586 (7th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The purpose of a Rule 12(b)(6) motion is to decide the adequacy of the complaint, not to determine the merits of the case or decide whether a plaintiff will ultimately prevail. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).

Although a complaint need not include detailed factual allegations, it must include "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, the Court accepts all well-pleaded facts as true and draws all possible inferences in favor of the plaintiff. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 (7th Cir. 2012). "But [the court] 'need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.' " *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)).

### III.    Discussion

Plaintiff asserts a § 1983 *Monell*[1] claim against the City. The City claims that under the principles set forth in *Monell* and its progeny, Plaintiff has not alleged facts sufficient to establish municipal liability. Specifically, the City claims the Complaint does not sufficiently allege a policy or custom of constitutional violations on the part of the City. Additionally, the City contends Plaintiff has failed to sufficiently allege a violation of Plaintiff's constitutional rights. Plaintiff has not responded to the City's arguments.

To establish liability against a municipality under Section 1983, a plaintiff must allege that his injury was caused by an official policy, custom, or practice. *Id.* A policy, custom, or practice may be demonstrated by:

> (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority.

---

[1] The Supreme Court in *Monell v. Department of Social Servs.*, 436 U.S. 658, 690–91, 98 S.Ct. 2018, 2035–36, 56 L.Ed.2d 611 (1978), established a theory of municipal liability under § 1983 for constitutional violations caused by their official policies. The Court in *Monell* also rejected the notion that municipal liability may rest solely on a theory of *respondeat superior*. *Id.* at 691, 98 S.Ct. at 2036; *see also Surplus Store and Exchange, Inc. v. City of Delphi*, 928 F.2d 788, 790 (7th Cir. 1991).

*McTigue v. City of Chicago,* 60 F.3d 381, 382 (7th Cir.1995) (internal quotations and citation omitted).

Here, Plaintiff is proceeding under the second option, the existence of a defacto policy. To Succeed on a *Monell* claim based on a theory that there was a de facto policy, "the plaintiff must demonstrate that the practice is widespread and that the specific violations complained of were not isolated incidents." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017) (citing *Jackson v. Marion County*, 66 F.3d 151, 152 (7th Cir. 1995)); *see also Thomas v. Cook County Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2010) ("[T]here is no clear consensus as to how frequently such conduct must occur to impose *Monell* liability, 'except that it must be more than one instance.' "). Thus, at the pleading stage, "a plaintiff pursuing this theory must allege facts that permit the reasonable inference that the practice is so widespread as to constitute a governmental custom. *Id.*

To do this, a plaintiff needs to show that there have been enough similar incidents to establish a pattern of conduct. *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017). This requirement ensures that a municipality is not held liable for an isolated incident outside of its control—something that would start to look very similar to the *respondeat superior* liability that *Monell* explicitly rejected. *See Calhoun v. Ramsey*, 408 F.3d 375, 380 (7th Cir. 2005); *Monell*, 436 U.S. at 692–93. Thus, a plaintiff bringing a custom-or-practice *Monell* claim cannot survive a motion to dismiss with a complaint based only on his own experience. *See Gill*, 850 F.3d at 344. For example, in

*Gill v. City of Milwaukee*, 850 F.3d 335 (7th Cir. 2017), the plaintiff alleged the municipality had "a de facto policy of 'placing an emphasis on clearing cases and convicting suspects over seeking the truth[.]' " *Id.* at 344. The Appellate Court affirmed the dismissal of the plaintiff's *Monell* claim, finding that the plaintiff failed to state a claim of a widespread practice because he did not provide examples of other similar violations nor plausibly allege that they existed. *Id.* The court held that, "[t]he specific actions of the detectives in Gill's case alone, without more, cannot sustain a *Monell* claim based on the theory of a *de facto* policy." *Id.* (citing *Palmer v. Marion County*, 327 F.3d 588, 596 (7th Cir. 2003)).

The same is true here. Plaintiff alleges the City issued one or more citations that included "over a dozen counts" concerning "over a dozen parcels" he once owned. This was allegedly part of a deliberate "municipal crusade against plaintiff and rental property." Even accepting that allegation as true and construing the vague reference to "rental property" as an attempt to implicate other landlords, the claim fails. The Complaint identifies no other property owner, landlord, or citizen who received citations for properties they no longer owned. It describes only Plaintiff's personal experience.

While it is not impossible for a plaintiff to establish a widespread practice or custom based on his own experience, it is "necessarily more difficult" to do so. *Grieveson v. Anderson*, 538 F.3d 763, 774 (7th Cir. 2008). He must plausibly allege a true municipal policy, not a random or isolated event. *Id.* (citation omitted). *See also Gill v. City of Milwaukee, 850 F.3d 335 (7th Cir. 2017)*, *League of Women Voters of Chicago v. City of Chicago*, 757 F.3d 722, 728 (7th Cir. 2014)*Thomas v. Cook Cty. Sheriff's Dep't, 604 F.3d*

293, 303 (7th Cir. 2010). Plaintiff's encounter with the City, framed as a personal "crusade" against him, falls short.

Nor do Plaintiff's conclusory assertions salvage the claim. The vague reference to "rental property," and the legal conclusion that the City ""maintains a policy of failing to check public property ownership records prior to issuing citations" are boilerplate allegations and contribute nothing to plausibility. *See McCauley v. City of Chi.*, 671 F.3d 611 (7th Cir. 2011) (conclusory allegations of a policy or practice in support of a *Monell* claim are not factual allegations and as such contribute nothing to the plausibility analysis under *Twombly/Iqbal*."); *Arita v. Wexford Health Sources, Inc.*, No. 15-CV-01173, 2016 WL 6432578 (N.D. Ill. Oct. 31, 2016) (single conclusory allegation that defendant had a policy of treating others in the same way plaintiff was allegedly treated was insufficient to survive a motion to dismiss).

Because the Complaint pleads only Plaintiff's own experience and provides no factual content from which the Court could plausibly infer that the alleged failure to verify ownership is a widespread, municipal custom rather than an isolated event, it fails to state a plausible *Monell* claim based on custom or practice.

Additionally, the Court finds that the Complaint fails to sufficiently allege Plaintiff suffered a deprivation of a federally protected right. Section 1983 provides a cause of action only when a person acting under color of law deprives another of rights secured by the Constitution and the laws of the United States. 42 U.S.C. § 1983. *Reed v. City of Chicago*, 77 F.3d 1049, 1051 (7th Cir. 1996). Here, Plaintiff merely alleges that the City wrongfully cited him for city ordinance violations on parcels of land he no longer owned.

He provides no specifics about the citation or citations, and he does not explain how the issuance of the citation or citations, however erroneous, rose to the level of a constitutional violation. To the extent that Plaintiff is attempting to assert a malicious-prosecution theory of liability (the only constitutional claim the Court can plausibly discern), he has not alleged the required elements, including termination of the underlying proceedings in his favor or the absence of probable cause. *See Reed,* 77 F.3d at 1051.

## IV.   Conclusion

For the reasons explained above, the Motion to Dismiss is **GRANTED**. The Complaint is **DISMISSED** without prejudice. Plaintiff is **GRANTED LEAVE** to file an Amended Complaint within fourteen (14) days from the date of this Order, if such filing would not be futile. *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n,* 377 F.3d 682, 687 (7th Cir. 2004). If nothing is filed by that date, then the dismissal will be converted to a dismissal **with prejudice** and the Court will enter final judgment accordingly.

SO ORDERED.

Dated: December 18, 2025                    /s/ *David W. Dugan*
                                            _____
                                            DAVID W. DUGAN
                                            United States District Judge